### SAME CASE—ON AN APPLICATION FOR A RE-HEARING..

In annulling a judgment on the ground of the neglect of the plaintiff to make the proper parties, after the defendants, an incorporated company, had become, pending the suit, incapacitated to appear in court by the expiration of their charter, the Supreme Court will not declare the proceedings invalid only from the date of the dissolution, and reserve to the original plaintiff the right to make other parties and to proceed with his action. The judgment complained of being the only matter in controversy, if illegal, it will be simply annulled.

*G. Strawbridge,* for a re-hearing. The court having deter-

mined that the plaintiff had an interest in the cause, which authorized him to maintain an injunction, I would respectfully inquire, whether any member of the court has read the document, to be found at page 36 of the record, being nothing more or less than a copy from the books of the Insurance Company, of a transfer of Mr. Musson's twenty shares, *on the 27th day of April,* 1835?

This was not only proof enough at least against Musson and the two Insurance Companies, that he was not the owner of the said twenty shares, *on the 1st May following,* but estopped them in law from so declaring. Consequently Musson was not one of " *the persons composing the said company at the time of its dissolution,*" who, in the language of the 16th section of their charter, are " *responsible in their individual and private capacities,*" &c. It is alleged and shown that Musson had but twenty shares, and under the 16th section had just the two hundred and fiftieth part of Vance's debt to pay. For what reasons, or under what law was he permitted to enjoin the execution for the whole debt? The court has not noticed this point.

Should these reasons fail to influence the court, still the judgment should be amended so as to invalidate only the proceedings since the 1st of May, 1835, reserving the right to make other parties.

SIMON, J. The appellant's counsel, in his petition for a rehearing, attempts to controvert our opinion, that the plaintiff had an interest in the cause, which authorized him to maintain an injunction against his proceedings, and thinks proper to inquire, " *whether any member of this court has read the document, to be found at page* 36 *of the record, being nothing more or less than a copy from the books of the Insurance Company of a transfer of Mr. Musson's twenty shares, on the 27th of April,* 1835 ?"

If the counsel had taken the trouble of reading the whole opinion of this court, he would have ascertained that the fact, to which he now adverts, with the indirect and unfounded imputation of its having been overlooked, is not only noticed *at full length* in the said opinion, but that we have also noticed a very important fact exhibited by the record, as admitted by the counsel of the parties, to wit, " *that the whole stock of the old company*

Musson v. Richardson, Syndic, and others.

*was transferred to the new one, between the 25th and 30th of April, 1835.*" According to the position which he assumes, it would necessarily follow that, not only Musson had no interest in the stock of the company, on the 1st of May, 1835, the day on which the charter expired, but that the whole company was extinct before that time, and that, therefore, there was, at the time of its dissolution, no person composing the said company. The counsel, however, appears to have lost sight of the fact, that the suit against the old company *was pending at the time of the transfer* made by Musson and by the whole company to the Louisiana State Marine and Fire Insurance Company ; that *the citation was served* on the 20th of April, previous to the transfer ; and that, under the *sixteenth section* of the charter, the stockholders, had, at the time of its dissolution, become responsible in their individual capacities, to the extent of their respective shares, in any suit *then pend'ng,* for the payment of *all debts previously contracted by the company.* It is undoubtedly true that Musson's shares, as well as those of the old company, did not belong to them at the time of the dissolution of the charter, and that the same were then owned by the new one ; but this is one of the very reasons which induced us to decide that it was the plaintiff's duty to cite the stockholders against whom he intended to exercise his recourse under the charter, or to avail himself of the transfer of the stock made to the new company, and to call the latter to defend the suit under the responsibility it had assumed in the act of transfer. Under the facts and circumstances insisted on by the appellant's counsel, had he any right to proceed to judgment against the old company, of which Musson was a member, *at the time of the citation?* Surely not. It was dissolved, and the stockholders thereof had parted with their interest in the stock several days previous to the expiration of the charter. Why then did he obtain his judgment against the old company, in June, 1844 ? and why did he issue an execution against it ? If Musson did not possess any further interest in the stock after his transfer, and had nothing to do with the judgment, was not the old company equally disinterested, in consequence of the transfer of the whole stock, made at the same time, and to the same company ? Clearly so ; and strongly

impressed with the idea, that no judgment could be legally obtained against a company, which, though legally cited whilst its charter was in full operation, had subsequently become disinterested in the suit by the transfer of the whole stock, and disqualified from appearing in it by the expiration of its charter, and with the belief that the judgment and execution enjoined, though rendered and issued against the Louisiana State Insurance Company under its corporate name, are virtually intended to have their effect against the persons composing said company at the time of the service of the citation, the debt sued on having been contracted previous to the transfer and dissolution, we must again conclude, that the appellee, as one of the old stockholders, has a right to demand that its nullity be declared, and that the injunction issued against its execution be perpetuated.

With regard to the counsel's demand that we should only invalidate the proceedings since the 1st of May, 1835, reserving to his client the right to make other parties if he sees proper to do so, we think we have no right to make any such reservation, and to express any opinion by which we should permit the appellant, in an action of nullity, to reinstate his suit on the docket of the court in which the judgment complained of was rendered. He may, perhaps, have a right to do so on application to the court *a quâ ;* but we conceive that we have no authority in this case to reserve or to order it ; and as the judgment complained of was the only matter in controversy in this suit, it suffices for us to say that said judgment was illegally obtained, and that it was properly annulled in the lower court. This is the only purport and extent of our judgment.

The re-hearing is, therefore, refused.